DAVID C. SHONKA
Acting General Counsel
CHARLES A. HARWOOD
Regional Director
ELEANOR DURHAM, MD Bar
Email: edurham@ftc.gov
NADINE S. SAMTER, WA Bar #23881
Email: nsamter@ftc.gov
Federal Trade Commission
915 2nd Ave., Suite 2896, Seattle, WA 98174
(206) 220-4476 (Durham)/(206) 220-4479 (Samter)
(206) 220-6366 (fax)
MARICELA SEGURA, CA Bar # 225999
Email: msegura@ftc.gov
10990 Wilshire Blvd., Suite 400, Los Angeles, CA 90024
(310) 824-4343/(310) 824-4330 (fax)

**FILED**
CLERK, U.S. DISTRICT COURT

October 24, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE DOCUMENT PREPARATION LLC, also dba EZ Doc Preps, Grads Aid, and First Document Aid, *et al.*,<br><br>Defendants, and<br><br>DIRECT CONSULTING SERVICE LLC; and CAPITAL DOC PREP, INC.,<br><br>Relief Defendants. | Civ. No. CV 17-7048 SJO (KSx)<br><br>**PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AS TO UNITED LEGAL CENTER, LLC, also dba Post Grad Aid, Alumni Aid Assistance, and United Legal Discharge; UNITED LEGAL CENTER, INC., also dba United Legal Discharge; GRADS DOC PREP, LLC, also dba Academic Aid Center, Academic Protection, Academy Doc Prep, and Academic Discharge; AVINADAV RUBENI aka Avi Rubeni; and RAMIAR REUVENI aka Rami Reuveni** |

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

**1**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and has moved, pursuant to Fed. R. Civ. P. 65(b), for a preliminary injunction, asset freeze, and other equitable relief.

Plaintiff FTC and Defendants United Legal Center, LLC, and United Legal Center, Inc. ("Receivership Defendants"), and Avinadav Rubeni, and Ramiar Reuveni ("Individual Defendants") (collectively "Stipulating Defendants"), by and through their counsel, have agreed to stipulate to entry of a preliminary injunction in the form below without further notice or hearing.

## FINDINGS OF FACT

The Court, having considered the FTC's Complaint, *ex parte* application for temporary restraining order, declarations, exhibits, and the memorandum filed in support of the FTC's application, and the FTC's Motion for Preliminary Injunction, and the evidence presented, now finds that:

1.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

2.      There is good cause to believe that Stipulating Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that Plaintiff is therefore likely to prevail on the merits of this action.

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                    **2**                    Federal Trade Commission
                                                                        915 2nd Ave., Ste. 2896
                                                                        Seattle, Washington 98174
                                                                        (206) 220-6350

3.    There is good cause to believe that immediate and continuing harm to consumers will result from Stipulating Defendants' ongoing violations of the FTC Act and the TSR unless Stipulating Defendants are restrained and enjoined by order of this Court.

4.    There is good cause to believe that irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution, rescission, disgorgement, or refunds will occur from the sale, transfer, destruction, or other disposition or concealment by Stipulating Defendants of their assets or records, unless Stipulating Defendants are preliminarily enjoined by order of this Court.

5.    Good cause exists for appointing a Receiver over the Receivership Defendants and maintaining a freeze of Stipulating Defendants' assets.

6.    Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze, the appointment of a Receiver, and other equitable relief is in the public interest.

7.    Stipulating Defendants consent and stipulate to the entry of a preliminary injunction in the form below without further notice or hearing.

8.    No security is required of any agency of the United States for issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

## ORDER

## DEFINITIONS

For the purpose of this Preliminary Injunction, the following definitions shall apply:

A.    "**Asset**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                    **3**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located and by whomever held.

B.   **"Debt Relief Service"** means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

C.   **"Document"** is synonymous in meaning and equal in scope to the usage of the terms **"document"** and **"electronically stored information"** in Fed. R. Civ. P. 34(a), and includes but is not limited to writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

D.   **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.  This includes, but is not limited to, any entity hosting a website or server, and any entity providing cloud-based electronic storage.

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                4                    Federal Trade Commission
                                                                  915 2nd Ave., Ste. 2896
                                                                  Seattle, Washington 98174
                                                                  (206) 220-6350

E.     **"Individual Defendant**s" means Avinadav Rubeni aka Avi Rubeni; and Ramiar Reuveni aka Rami Reuveni; and any other names by which they might be known.

F.     **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity.

G.     **"Plaintiff"** means the Federal Trade Commission.

H.     **"Receiver"** means Thomas W. McNamara. The term "Receiver" also includes any deputy receivers as may be named by the Receiver.

I.     **"Receivership Defendants"** means United Legal Center, LLC, also dba Alumni Aid Assistance, Post Grad Aid, and United Legal Discharge; United Legal Center, Inc., also dba United Legal Discharge; and Grads Doc Prep, LLC, also dba Academic Aid Center, Academic Protection, Academy Doc Prep, and Academic Discharge.

J.     **"Seller"** means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to a customer in exchange for consideration.

K.     **"Stipulating Defendants"** means Receivership Defendants and Individual Defendants, individually, collectively, or in any combination.

L.     **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(ff).

M.     **"Telemarketing"** means a plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                          **5**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

# I.    REPRESENTATIONS PROHIBITED BY § 5 OF THE FTC ACT

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale, sale, or provision of any Debt Relief Service, are hereby preliminarily restrained and enjoined from:

A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, that:

1.    Stipulating Defendants are part of, affiliated with, or work directly with the government, government loan programs, the Department of Education ("ED"), or consumers' loan servicers;

2.    Consumers who purchase Stipulating Defendants' Debt Relief Services generally will have their monthly payments reduced or their loan balances forgiven in whole or in part;

3.    Consumers are qualified for, or are approved to receive, loan forgiveness or other programs that will permanently lower or eliminate their loan payments or balances; and

4.    Any other fact material to consumers concerning any Debt Relief Service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B.    Making or assisting others in making, any representation, expressly or by implication, about the benefits, performance, or efficacy of any Debt Relief Service, unless the representation is non-misleading and, at the time such representation is made, Stipulating Defendants possess and rely upon competent

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

6

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## II.    REPRESENTATIONS PROHIBITED BY THE TSR

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with providing, offering to provide, or arranging for others to provide any Debt Relief Service, are hereby preliminarily restrained and enjoined from:

A.    Providing, offering to provide, or arranging for others to provide any Debt Relief Service and requesting or receiving payment of any fees or consideration for any Debt Relief Service until and unless:

1.    The Seller or Telemarketer has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer;

2.    The customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector; and

3.    To the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either:

a.    Bears the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                     **7**                      Federal Trade Commission
                                                                              915 2nd Ave., Ste. 2896
                                                                              Seattle, Washington 98174
                                                                              (206) 220-6350

entire debt balance as the individual debt amount bears to the entire debt amount.  The individual debt amount and the entire debt amount are those owed at the time the debt was enrolled in the service; or

  b. Is a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration. The percentage charged cannot change from one individual debt to another.  The amount saved is the difference between the amount owed at the time the debt was enrolled in the service and the amount actually paid to satisfy the debt requesting or receiving payment of any fees or consideration for any debt relief service;

 B. Misrepresenting directly or indirectly, expressly or by implication, that Stipulating Defendants are affiliated with, or endorsed or sponsored by, the government, government loan programs, the ED, or consumers' loan servicers;

 C. Misrepresenting, directly or indirectly, expressly or by implication, any material aspect of their Debt Relief Services, including, but not limited to, that:

  1. Consumers who purchase Stipulating Defendants' Debt Relief Services generally will have their monthly payments reduced or their loan balances forgiven in whole or in part; and

  2. Consumers are qualified for, or are approved to receive loan forgiveness or other programs that will permanently lower or eliminate their loan payments or balances.

## III. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

 **IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order,

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

8

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however,* that Stipulating Defendants may disclose such identifying information to a law enforcement agency, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## IV.   ASSET FREEZE

**IT IS FURTHER ORDERED** that, except upon further order of the Court or by agreement between the FTC and the Stipulating Defendants, Stipulating Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                    **9**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

disposing of any Assets of the Stipulating Defendants, wherever located, including outside the United States, that are:

    1. Owned or controlled, directly or indirectly, by any Stipulating Defendant;

    2. held, in part or in whole, for the benefit of any Stipulating Defendant;

    3. In the actual or constructive possession of any Stipulating Defendant; or

    4. Owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant.

B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Stipulating Defendant or subject to access by any Stipulating Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.    Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Stipulating Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Stipulating Defendant, or of which any Stipulating Defendant is an officer, director, member, or manager; or

D.    Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Stipulating Defendant.

The Assets affected by this Section shall include:  (1) all Assets of the Stipulating Defendants as of the time this Order is entered; (2) Assets obtained by the Stipulating Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

**10**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## V.     RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that, pending final resolution of this case, any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) and that (a) holds, controls, or maintains custody, through an account or otherwise, of any Document or Asset that is: owned or controlled, directly or indirectly, by any Stipulating Defendant; held, in part or in whole, for the benefit of any Stipulating Defendant; in the actual or constructive possession of any Stipulating Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Stipulating Defendant; (b) holds, controls, or maintains custody of any Document or Asset associated with credits, debits or charges made on behalf of the Stipulating Defendants, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has held, controlled, or maintained custody of any such Document, Asset, or account at any time since the date of entry of this Order shall:

A.     Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                    **11**                    Federal Trade Commission
                                                                                          915 2nd Ave., Ste. 2896
                                                                                          Seattle, Washington 98174
                                                                                          (206) 220-6350

any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court;

B.     Deny any Person, except the Receiver with respect to the Receivership Defendants, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Stipulating Defendant, either individually or jointly, or otherwise subject to access by any Stipulating Defendant;

C.     Provide FTC counsel with respect to Stipulating Defendants, and the Receiver with respect to the Receivership Defendants, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

1.     The identification number of each such account or Asset;

2.     The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted and all user names, passwords or other information necessary to have full and complete access to all accounts; and

3.     The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access by any Stipulating Defendant; and

D.     Upon the request of FTC counsel or the Receiver, promptly provide FTC counsel and the Receiver with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                            **12**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

## VI.    FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that each Stipulating Defendant, within five (5) days of service of this Order upon each of them if they have not already done so, shall prepare and deliver to Plaintiff's counsel and the Receiver: (1) completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for the Individual Defendants, and **Attachment B** (Financial Statement of Corporate Defendant) for each Receivership Defendant; and (2) a completed statement, verified under oath, of all payments, transfers or assignments of funds, property worth $5,000 or more, and other assets, since January 1, 2015.  Such statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid by the Stipulating Defendant.  Each statement shall specify the name and address of each financial institution and brokerage firm at which the Stipulating Defendant has in accounts or safe deposit boxes.  Said statements shall include assets held in foreign as well as domestic accounts.

## VII.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, if they have not already done so, each Stipulating Defendant shall:

A.    Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets,

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                             **13**                        Federal Trade Commission
                                                                                          915 2nd Ave., Ste. 2896
                                                                                          Seattle, Washington 98174
                                                                                          (206) 220-6350

Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant;

B.      Take all steps necessary to provide Plaintiff's counsel and the Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing, if they have not already done so, the Consent to Release of Financial Records appended to this Order as **Attachment C**.

C.      Transfer to the territory of the United States and deliver to the Receiver all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Receivership Defendant; (2) held by any person or entity for the benefit of any Receivership Defendant, or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Receivership Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Receivership Defendant; and

D.      The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VIII.  NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, servants, employees, and attorneys, and all other Persons who are in active

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                      **14**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.    Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendants' Assets have been fully repatriated pursuant to this Order; or

B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Stipulating Defendants' Assets have been fully repatriated pursuant to this Order.

## IX.    CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any Stipulating Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## X.    PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni      **15**      Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Stipulating Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Stipulating Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Stipulating Defendant; and

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Stipulating Defendants' incomes, disbursements, transactions, and use of Stipulating Defendants' Assets.

## XI.    RECEIVER

**IT IS FURTHER ORDERED** that Thomas W. McNamara is appointed as Receiver of the Receivership Defendants with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XII.   DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.      Assume full control of Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Defendant from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Defendant, wherever situated;

C.      Obtain, conserve, hold, manage, and prevent the loss of all Assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                    **16**                    Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Defendants. The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Defendants and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Defendants. *Provided, however,* that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Defendants has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

D. Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Defendants, and perform all acts necessary or advisable to preserve such Documents, including imaging the Receivership Defendants' servers, computers, and electronic devices, as well as imaging smart phones and mobile devices of the Individual Defendants to the extent that the Receiver believes there is data of or concerning the Receivership Defendants on these items. The Receiver shall: divert mail; preserve all Documents of the Receivership Defendants that are accessible via electronic means such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Defendants stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

E. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

17

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

authority granted by this Order, including, but not limited to, the law firm in which the Receiver is a partner;

F.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

G.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Defendants operate their businesses.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) securing the location by changing the locks and alarm codes and disconnecting any Internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Defendants.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                    **18**                    Federal Trade Commission
                                                                                    915 2nd Ave., Ste. 2896
                                                                                    Seattle, Washington 98174
                                                                                    (206) 220-6350

H.     Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Receivership Defendant, and to provide access to all such web page or websites to Plaintiff's representatives, agents, and assistants, as well as Receivership Defendants, and their representatives;

I.     Enter into and cancel contracts and purchase insurance as advisable or necessary;

J.     Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Defendants;

K.     Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

L.     Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Defendants, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

M.     Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate;

N.     Open one or more bank accounts at designated depositories for funds of the Receivership Defendants. The Receiver shall deposit all funds of the Receivership Defendants in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                    **19**                    Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

O.    Maintain accurate records of all receipts and expenditures incurred as Temporary Receiver;

P.    Allow the Plaintiff's representatives, agents, and assistants, as well as the Stipulating Defendants' representatives and the Stipulating Defendants' themselves, reasonable access to the premises of the Receivership Defendants, or any other premises where the Receivership Defendants conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Defendants, or their agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

Q.    Allow the Plaintiff's representatives, agents, and assistants, as well as Stipulating Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Defendants;

R.    Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

S.    Suspend business operations of the Receivership Defendants if, in the judgment of the Receiver, such operations cannot be continued legally and profitably;

T.    Take all steps necessary to ensure that any of the Receivership Defendants' web pages or websites relating to Debt Relief Services cannot be accessed by the public, or are modified for consumer education and/or informational purposes, if the Receiver deems it necessary or advisable;

U.    Take all steps necessary to ensure that any telephone numbers associated with the Receivership Defendants cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations, if the Receiver deems it necessary or advisable; and

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                    **20**                    Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

V.     File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court.

### XIII.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants, and any other person with possession, custody, or control of property of, or records relating to the Receivership Defendants shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Defendants and immediately transfer or deliver to the Receiver possession, custody, and control of the following:

A.     All Assets held by, or for the benefit of, the Receivership Defendants;

B.     All Documents of or pertaining to, the Receivership Defendants;

C.     All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Defendants;

D.     All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Defendants; and

E.     All keys, codes, user names and passwords necessary to gain access or to secure access to any Assets or Documents of, or pertaining to, the Receivership Defendants, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                   **21**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

# XIV. PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide to the Receiver:

     A.    A list of all Assets and accounts of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or by any person or entity other than a Receivership Defendant; and

     B.    A list of all agents, employees, officers, attorneys, and servants of the Receivership Defendants, and those persons in active concert and participation with the Receivership Defendants, or who have been associated with or done business with the Receivership Defendants.

# XV. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Stipulating Defendants, their officers, agents, servants, employees, attorneys, all other persons who are in active concert or participation with any of them, and any other person with possession, custody, or control of property or of records relating to the Receivership Defendants who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, or machines (onsite or remotely) or any cloud account (including the specific method used to access the account) or electronic file in any medium and completing a questionnaire provided by the Receiver; advising all persons who owe money to any Receivership Defendant that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Defendants.

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

**22**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

# XVI.   NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Stipulating Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Defendants;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

# XVII.   STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Stipulating Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Stipulating Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                                      **23**                          Federal Trade Commission
                                                                                                                915 2nd Ave., Ste. 2896
                                                                                                                Seattle, Washington 98174
                                                                                                                (206) 220-6350

this Court over the Assets or Documents of the Stipulating Defendants, including, but not limited to:

A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Stipulating Defendants;

B.     Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Stipulating Defendants, including the issuance or employment of process against the Stipulating Defendants, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.     Filing or enforcing any lien on any Asset of the Stipulating Defendants, taking or attempting to take possession, custody, or control of any Asset of the Stipulating Defendants, attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Stipulating Defendants, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

*Provided, however,* that this Order does not stay:  (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVIII.   COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni                                                **24**                         Federal Trade Commission
                                                                                                            915 2nd Ave., Ste. 2896
                                                                                                            Seattle, Washington 98174
                                                                                                            (206) 220-6350

be received by, the Receivership Defendants.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX.  RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $15,000.00 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XX.  WITHDRAWAL OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and professionals retained by the Receiver, including but not limited to, his attorneys and accountants, are hereby authorized to withdraw from his or her respective appointments or representations and apply for payment of their professional fees and costs at any time after the date of this Order, for any reason in their sole discretion, by sending written notice seven (7) days prior to the date of the intended withdrawal to the Court and to the parties along with a written report reflecting the Receiver's work, findings, and recommendations, as well as an accounting for all funds and assets in the possession or control of the Receiver.  The Receiver shall be relieved of all liabilities and responsibilities, and the Receiver shall be exonerated and the receivership deemed closed seven (7) days from the date of mailing of such notice of withdrawal.  The Court will retain jurisdiction to consider the fee applications, report, and accounting submitted by the Receiver.

## XXI.  DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer,

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

**25**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, attorney, spouse, former spouse, subsidiary, division, and representative of any Stipulating Defendant and any company owned or controlled by any Stipulating Defendant, and shall, within three (3) calendar days from the date of entry of this Order provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Stipulating Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXII. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(C), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Stipulating Defendants' Assets; (2) the nature location and extent of Stipulating Defendants' business transactions and operations; (3) Documents reflecting Stipulating Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A. Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(B) and 31(a)(2)(B) regarding subsequent depositions of an individual shall not apply

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni        **26**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.     Plaintiff and the Receiver may serve upon the parties requests for production of Documents or inspection that requires production or inspection within five (5) days of service; *provided*, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in electronic format.

C.     Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories.

D.     Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.     Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.     Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by the Section does not require a meeting or conference of the parties, pursuant to Fed. R. Civ. P. 26(d) and (f).

G.     The parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXIII. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process

Prel. Inj.  as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

**27**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

server, upon any Stipulating Defendant or any Person (including any financial institution) that may have possession, custody, or control of any Asset or Document of any Stipulating Defendant, or that may be subject to any provision of this Order pursuant to Fed. R. Civ. P. 65(d)(2). For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XXIV. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Eleanor Durham
> Federal Trade Commission
> 915 2nd Ave., Suite 2896
> Seattle, WA 98174
> Phone: (206) 220-4476
> Fax: (206) 220-6366
> edurham@ftc.gov

## XXV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 24th day of October, 2017, at 3:50 p.m.

*S. James Otero*

_____

The Honorable S. James Otero
UNITED STATES DISTRICT JUDGE

Prel. Inj. as to United Legal Center, LLC,
United Legal Center, Inc., Avinadav Rubeni, and
Ramiar Reuveni

**28**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350