DAVID C. SHONKA
Acting General Counsel
CHARLES A. HARWOOD
Regional Director
ELEANOR DURHAM, MD Bar
Email: edurham@ftc.gov
NADINE S. SAMTER, WA Bar #23881
Email: nsamter@ftc.gov
Federal Trade Commission
915 2nd Ave., Suite 2896, Seattle, WA 98174
(206) 220-4476 (Durham)/(206) 220-4479 (Samter)
(206) 220-6366 (fax)
MARICELA SEGURA, CA Bar # 225999
Email: msegura@ftc.gov
10990 Wilshire Blvd., Suite 400, Los Angeles, CA 90024
(310) 824-4343/(310) 824-4330 (fax)

FILED
CLERK, U.S. DISTRICT COURT
October 24, 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ALLIANCE DOCUMENT PREPARATION LLC, also dba EZ Doc Preps, Grads Aid, and First Document Aid, *et al.*, <br><br> Defendants, and <br><br> DIRECT CONSULTING SERVICE LLC; and CAPITAL DOC PREP, INC., <br><br> Relief Defendants. | Civ. No. CV-17-7048 SJO (KSx) <br><br> **(xxxxxxxd) (proposed) PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT FARZAN AZINKHAN** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and has moved, pursuant to Fed. R. Civ. P. 65(b), for a preliminary injunction, asset freeze, and other equitable relief.

Plaintiff FTC, by and through counsel, and Defendant Farzan Azinkhan ("Stipulating Defendant"), a *pro se* litigant, have agreed to stipulate to entry of a preliminary injunction in the form below without further notice or hearing.

## FINDINGS OF FACT

The Court, having considered the FTC's Complaint, *ex parte* application for temporary restraining order, declarations, exhibits, and the memorandum filed in support of the FTC's application, and the FTC's Motion for Preliminary Injunction, and the evidence presented, now finds that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe that it has jurisdiction over the Stipulating Defendant and that venue in this district is proper.

2. There is good cause to believe that Stipulating Defendant has engaged in and is likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that Plaintiff is therefore likely to prevail on the merits of this action.

3. There is good cause to believe that immediate and continuing harm to consumers will result from Stipulating Defendant's ongoing violations of the FTC Act and the TSR unless Stipulating Defendant is restrained and enjoined by order of this Court.

4. There is good cause to believe that irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution, rescission, disgorgement, or refunds will occur from the sale, transfer, destruction, or other disposition or concealment by Stipulating Defendant of his assets or records, unless Stipulating Defendant is enjoined by order of this Court.

5. Weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a preliminary injunction with asset freeze and other equitable relief is in the public interest.

6. Stipulating Defendant consents and stipulates to the entry of a preliminary injunction in the form below without further notice or hearing.

7. No security is required of any agency of the United States for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## ORDER

## DEFINITIONS

For purposes of this Preliminary Injunction, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located and by whomever held.

B. "**Defendants**" means Corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

C. "**Corporate Defendants**" means Alliance Document Preparation, LLC, also dba EZ Doc Preps. Grads Aid, and First Document Aid; SBS Capital Group, Inc., also dba Grads United Discharge; SBB Holdings, LLC, also dba Allied Doc Prep and Post Grad Services; First Student Aid, LLC; United Legal Center, LLC, also dba Alumni Aid Assistance, Post Grad Aid, and United Legal

Discharge; Elite Consulting Service, LLC, fka First Grad Aid, LLC, also dba First Grad Aid; Grads Doc Prep, LLC; Elite Doc Prep, LLC, also dba Premier Student Aid.

D. "**Individual Defendant**s" means Benjamin Naderi, aka Benjamin Pournaderi and Benjamin Brooks; Shawn Gabbaie aka Shawn Goodman; Avinadav Rubeni aka Avid Rubeni; Michael Ratliff; Ramiar Reuveni aka Rami Reuveni; and Farzan Azinkhan; and any other names by which they might be known.

E. "**Debt Relief Service**" means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

F. "**Document**" is synonymous in meaning and equal in scope to the usage of the terms "**document**" and "**electronically stored information**" in Fed. R. Civ. P. 34(a), and includes but is not limited to writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

G. "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This

includes, but is not limited to, any entity hosting a website or server, and any entity providing cloud-based electronic storage.

H. "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity.

I. **"Plaintiff"** means the Federal Trade Commission.

J. **"Receivership Defendants"** means all Corporate Defendants and Relief Defendants, individually, collectively, or in any combination.

K. **"Receiver"** means Thomas W. McNamara. The term "Receiver" also includes any deputy receivers as may be named by the Receiver.

L. "**Relief Defendants**" means Direct Consulting Service, LLC, and Capital Doc Prep, Inc., and each of its subsidiaries, affiliates, successors, and assigns.

M. "**Seller**" means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to a customer in exchange for consideration.

N. "**Stipulating Defendant**" means Farzan Azinkhan and any other names by which he might be known.

O. "**Telemarketer**" means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(ff).

P. "**Telemarketing**" means a plan, program, or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

**I. REPRESENTATIONS PROHIBITED BY § 5 OF THE FTC ACT**

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order,

by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale, sale, or provision of any Debt Relief Service, is hereby preliminarily restrained and enjoined from:

    A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, that:

        1.    Stipulating Defendant is part of, affiliated with, or works directly with the government, government loan programs, the Department of Education ("ED"), or consumers' loan servicers;

        2.    Consumers who purchase Stipulating Defendant's Debt Relief Services generally will have their monthly payments reduced or their loan balances forgiven in whole or in part;

        3.    Consumers are qualified for, or are approved to receive, loan forgiveness or other programs that will permanently lower or eliminate their loan payments or balances; and

        4.    Any other fact material to consumers concerning any Debt Relief Service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

    B.    Making or assisting others in making, any representation, expressly or by implication, about the benefits, performance, or efficacy of any Debt Relief Service, unless the representation is non-misleading and, at the time such representation is made, Stipulating Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

## II. REPRESENTATIONS PROHIBITED BY THE TSR

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with providing, offering to provide, or arranging for others to provide any Debt Relief Service, is hereby preliminarily restrained and enjoined from:

    A. Providing, offering to provide, or arranging for others to provide any Debt Relief Service and requesting or receiving payment of any fees or consideration for any Debt Relief Service until and unless:

        1. The Seller or Telemarketer has renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the customer;

        2. The customer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the customer and the creditor or debt collector; and

        3. To the extent that debts enrolled in a service are renegotiated, settled, reduced, or otherwise altered individually, the fee or consideration either:

            a. Bears the same proportional relationship to the total fee for renegotiating, settling, reducing, or altering the terms of the entire debt balance as the individual debt amount bears to the entire debt amount. The individual debt amount and the entire debt amount are those owed at the time the debt was enrolled in the service; or

    b. Is a percentage of the amount saved as a result of the renegotiation, settlement, reduction, or alteration. The percentage charged cannot change from one individual debt to another. The amount saved is the difference between the amount owed at the time the debt was enrolled in the service and the amount actually paid to satisfy the debt requesting or receiving payment of any fees or consideration for any Debt Relief Service;

  B. Misrepresenting directly or indirectly, expressly or by implication, that Stipulating Defendant is affiliated with, or endorsed or sponsored by, the government, government loan programs, the ED, or consumers' loan servicers;

  C. Misrepresenting, directly or indirectly, expressly or by implication, any material aspect of their Debt Relief Services, including, but not limited to, that:

    1. Consumers who purchase Stipulating Defendant's Debt Relief Services generally will have their monthly payments reduced or their loan balances forgiven in whole or in part; and

    2. Consumers are qualified for, or are approved to receive loan forgiveness or other programs that will permanently lower or eliminate their loan payments or balances.

## III. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

  **IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, is hereby preliminarily restrained and enjoined from:

  A. Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying

Preliminary Injunction as to Farzan Azinkhan  **8**  Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B. Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

*Provided, however,* that Stipulating Defendant may disclose such identifying information to a law enforcement agency, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## IV. ASSET FREEZE

**IT IS FURTHER ORDERED** that, except upon further order of the Court or by agreement between the FTC and the Stipulating Defendant, Stipulating Defendant and his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, is hereby preliminarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets of the Stipulating Defendant, wherever located, including outside the United States, that are:

   1. Owned or controlled, directly or indirectly, by Stipulating Defendant;
   2. held, in part or in whole, for the benefit of the Stipulating Defendant;

3. In the actual or constructive possession of the Stipulating Defendant; or

4. Owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by the Stipulating Defendant.

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of the Stipulating Defendant or subject to access by the Stipulating Defendant;

C. Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of the Stipulating Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by the Stipulating Defendant, or of which the Stipulating Defendant is an officer, director, member, or manager; or

D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of the Stipulating Defendant.

The Assets affected by this Section shall include: (1) all Assets of the Stipulating Defendant as of the time this Order is entered; (2) Assets obtained by the Stipulating Defendant after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit repatriation of foreign Assets specifically required by this Order.

**V. RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES**

**IT IS FURTHER ORDERED** that, pending final resolution of this case, any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or

otherwise) and that (a) holds, controls, or maintains custody, through an account or otherwise, of any Document or Asset that is: owned or controlled, directly or indirectly, by the Stipulating Defendant; held, in part or in whole, for the benefit of the Stipulating Defendant; in the actual or constructive possession of the Stipulating Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by the Stipulating Defendant; (b) holds, controls, or maintains custody of any Document or Asset associated with credits, debits or charges made on behalf of the Stipulating Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has held, controlled, or maintained custody of any such Document, Asset, or account at any time since the date of entry of this Order shall:

    A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court;

    B.    Deny any Person access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of the Stipulating Defendant, either individually or jointly, or otherwise subject to access by the Stipulating Defendant;

    C.    Provide FTC counsel with respect to Stipulating Defendant, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

        1.    The identification number of each such account or Asset;

    2.  The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

    3.  The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of the Stipulating Defendant, or is otherwise subject to access by the Stipulating Defendant; and

  D. Upon the request of FTC counsel, promptly provide FTC counsel with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

## VI. FINANCIAL STATEMENTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that Stipulating Defendant, within five (5) days of service of this Order upon him if he has not already done so, shall prepare and deliver to Plaintiff's counsel: (1) a completed financial statement on the form attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for the Individual Defendants, and **Attachment B** (Financial Statement of Corporate Defendant) for the Stipulating Defendant; and (2) a completed statement, verified under oath, of all payments, transfers or assignments of funds, property worth $5,000 or more, and other assets, since January 1, 2015. Such statement shall include: (a) the amount transferred or assigned; (b) the name of

Preliminary Injunction as to Farzan Azinkhan    **12**    Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid by the Stipulating Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which the Stipulating Defendant has in accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts.

## VII. FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, if he has not already done so, the Stipulating Defendant shall:

A. Provide Plaintiff's counsel with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of the Stipulating Defendant; (2) held by any person or entity for the benefit of the Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by the Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of the Stipulating Defendant;

B. Take all steps necessary to provide Plaintiff's counsel access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing, if he has not already done so, the Consent to Release of Financial Records appended to this Order as **Attachment C**.

C. Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of the Stipulated Defendant; (2) held by any person or entity for the benefit of the Stipulated Defendant, or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed,

Preliminary Injunction as to Farzan Azinkhan  **13**  Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

or controlled by the Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of the Stipulating Defendant; and

  D. The same business day as any repatriation, (1) notify counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VIII. NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, servants, employees, and attorneys, and all other Persons who are in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

  A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendant's Assets have been fully repatriated pursuant to this Order; or

  B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Stipulating Defendant's Assets have been fully repatriated pursuant to this Order.

## IX. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning the Stipulating Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any

credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## X. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendant, and his officers, agents, servants, employees, and attorneys, and all other Persons who are in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, is hereby preliminarily restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant or Relief Defendant in this action; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant or Relief Defendant in this action; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant or Relief Defendant named in this action; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect the Stipulating Defendant's income, disbursements, transactions, and use of the Stipulating Defendants' Assets.

## XI. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Stipulating Defendant, his officers, agents, servants, employees, attorneys, all other persons who are in active concert or participation with any of them, and any other person with possession, custody, or control of property or of records relating to the Receivership Defendants who receive actual notice of this Order, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this

Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, or machines (onsite or remotely) or any cloud account (including the specific method used to access the account) or electronic file in any medium; advising all persons who owe money to any Receivership Defendant that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Defendants.

## XII. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Stipulating Defendant, his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, is hereby restrained and enjoined from directly or indirectly:

A. Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B. Transacting any of the business of the Receivership Defendants;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants; or

D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XIII. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Stipulating Defendant, his officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, who receive actual notice of

Preliminary Injunction as to Farzan Azinkhan     **16**     Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Stipulating Defendant, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Defendants or Relief Defendants, including, but not limited to:

A. Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Stipulating Defendant;

B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Stipulating Defendant, including the issuance or employment of process against the Stipulating Defendant, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C. Filing or enforcing any lien on any Asset of the Stipulating Defendant, taking or attempting to take possession, custody, or control of any Asset of the Stipulating Defendant, attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Stipulating Defendant, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

*Provided, however,* that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XIV. DISTRIBUTION OF ORDER BY STIPULATING DEFENDANT

**IT IS FURTHER ORDERED** that Stipulating Defendant shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, attorney, spouse, former spouse, subsidiary, division, and representative of the Stipulating Defendant and any company owned or controlled by the Stipulating Defendant, and shall, within three (3) calendar days from the date of entry of this Order provide Plaintiff with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, the Stipulating Defendant shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with him to disregard this Order or believe that they are not bound by its provisions.

## XV. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon the Stipulating Defendant or any Person (including any financial institution) that may have possession, custody, or control of any Asset or Document of the Stipulating Defendant, or that may be subject to any provision of this Order pursuant to Fed. R. Civ. P. 65(d)(2). For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XVI. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

>Eleanor Durham
>Federal Trade Commission
>915 2nd Ave., Suite 2896
>Seattle, WA 98174
>Phone: (206) 220-4476
>Fax: (206) 220-6366
>edurham@ftc.gov

## XVII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this __24th__ day of __October__, 2017, at __3:55__ ~~a.m.~~/p.m.

_____
The Honorable S. James Otero
UNITED STATES DISTRICT JUDGE