# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ALLIANCE DOCUMENT PREPARATION, LLC, *et al.*, <br><br> Defendants, and <br><br> DIRECT CONSULTING SERVICES, LLC; and CAPITAL DOC PREP, INC., <br><br> Relief Defendants. | Civ. No. CV 17-7048 SJO (KSx) <br><br> **PERMANENT INJUNCTION AND FINAL ORDER AS TO DEFENDANT FARZAN AZINKHAN** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act

("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The Commission and Defendant Farzan Azinkhan ("Stipulating Defendant") stipulate to entry of the Permanent Injunction and Final Order ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

# FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Stipulating Defendant participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Telemarketing Sales Rule, 16 C.F.R. § 310, in connection with the advertising, marketing, promotion, offering for sale, or sale of debt relief services.

3. Stipulating Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendant admits the facts necessary to establish jurisdiction.

4. Stipulating Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Stipulating Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

# DEFINITIONS

A. "**Assisting others**" includes: (1) performing customer service functions, including receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication; (3) formulating or providing, or arranging for the

formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services; (4) providing names of, or assisting in the generation of, potential customers; (5) performing marketing, billing, or payment services of any kind; or (6) acting or serving as an owner, officer, director, manager, or principal of any entity.

B. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

    1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

    2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

    3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

    4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

C. "**Secured or unsecured debt relief product or service**" means:

    1. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

        a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

        b. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the

mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

c. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

d. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2. With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a. repay one or more unsecured loans, debts, or obligations; or

b. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

D. **"Stipulating Defendant"** means Farzan Azinkhan and any other names by which he might be known.

## I. BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

**IT IS ORDERED** that Stipulating Defendant is permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service. *Provided*, that if Farzan Azinkhan holds a real estate license in good standing from the appropriate real estate licensing agency, or is employed by a broker that holds a license in good standing from the appropriate real estate agency, Section I shall not prohibit him from doing or negotiating to do one or more of the following acts for another, unless such act is marketed as a way to save a person's home from foreclosure or repossession: selling or offering to sell, buying or offering to buy, soliciting prospective sellers or purchasers of, soliciting or obtaining listings of, or negotiating the purchase, sale, or exchange of real property in a purchase money transaction. This proviso shall not be construed to limit the licensing or regulatory powers of any federal, state, or local government agency or other entity regulating real estate agents.

## II. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendant, and his officers, agents, employees, and attorneys, and all other persons or entities in active concert

or participation with Stipulating Defendant, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    The terms or rates that are available for any loan or other extension of credit, including:

        1.    closing costs or other fees;

        2.    the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        3.    the interest rate(s), annual percentage rate(s), or finance charge(s), or whether they are fixed or adjustable;

        4.    the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

        5.    the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

        6.    whether any specified minimum payment amount covers both interest and principal, or whether the credit has or can result in negative amortization; or

        7.    that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees.

    B.    The ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be

improved by permanently removing current, accurate negative information from the consumer's credit record or history.

C. That a consumer will receive legal representation.

D. Any other fact material to consumers concerning any financial product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendant, and his officers, agents, employees, and attorneys, and all other persons in active concert or participation with Stipulating Defendant, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B. That any person is affiliated with, endorsed, approved by, accredited by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C. The nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D. The cost or likelihood of qualifying for or receiving any product, service, plan, or program;

E. That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F. That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement; or

G. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV. MONETARY EQUITABLE RELIEF AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Monetary equitable relief in the amount of $200,000.00 is entered in favor of the Commission against Stipulating Defendant.

B. Effective upon entry of this Order, Farzan Azinkhan surrenders to the Commission all control, title, dominion, and interest in all funds in the Wells Fargo Bank account ending in 8009. The Court directs Wells Fargo Bank, immediately upon receiving notice of this Order, to remit the funds to the Commission in accordance with instructions provided by a representative of the Commission. The monetary equitable payment amount set forth in Section IV.A is partially suspended upon transfer of these funds to the Commission and subject to the provisions below.

C. The Commission's agreement to the suspension of part of the monetary equitable relief payment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendant's sworn financial statements dated October 5, 2017, and related documents (collectively, "Financial Representations") submitted to the Commission.

D. The suspension of the monetary equitable relief payment will be lifted as to Stipulating Defendant if, upon motion by the Commission, the Court finds

Permanent Injunction
as to Farzan Azinkhan
**8**
Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

that Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the monetary equitable relief payment is lifted, the payment becomes immediately due in the amount specified in Section IV.A, less any amounts transferred to the FTC pursuant to Section IV.B, plus interest computed from the date of entry of this Order.

## V. OTHER MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Stipulating Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary equitable relief pursuant to this Order, such as a non-dischargeablity complaint in any bankruptcy case.

B. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

C. Stipulating Defendant acknowledges that the Social Security Number, which Stipulating Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

D. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the

administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Stipulating Defendant's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Stipulating Defendant has no right to challenge any actions the Commission or its representative may take pursuant to this Subsection.

      E.     Upon completion of the payments and transfers identified in Section IV.B, above, the asset freeze is dissolved as to Stipulating Defendant.  A financial institution shall be entitled to rely upon a letter from a representative of the Commission stating that the freeze on the Stipulating Defendant's assets has been lifted.

## VI. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendant, his officers, agents, employees, attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

      A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Stipulating Defendant represents that he has provided this redress information to the Commission.  If a representative of the Commission requests in writing information related to redress, Stipulating Defendant must provide it, in the form prescribed by the Commission, within fourteen (14) days;

      B.     Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, other identifying information, or any data that enables access to a customer's account, (including a credit card,

bank account, or other financial account), that Stipulating Defendant obtained prior to entry of this Order in connection with the sale of debt relief; and

      C.    Failing to destroy such customer information in all forms in his possession, custody, or control within thirty (30) days after entry of this Order.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII. COOPERATION WITH FTC

**IT IS FURTHER ORDERED** that Stipulating Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendant must provide truthful and complete information, evidence, and testimony. Stipulating Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may designate, without the service of a subpoena.

## VIII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendant obtain acknowledgments of receipt of this Order:

      A.    Stipulating Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

      B.    For five (5) years after entry of this Order, Stipulating Defendant, for any business that Stipulating Defendant is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of this Order and all agents and representatives that participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set

forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Stipulating Defendant must submit a compliance report, sworn under penalty of perjury.

> 1. Stipulating Defendant must: (a) identify the primary physical, postal, email address, and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (b) identify all of Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.
>
> 2. Additionally, Stipulating Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or

Permanent Injunction as to Farzan Azinkhan    **12**    Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

otherwise and any entity in which Stipulating Defendant has any ownership interest; and (c) describe in detail Stipulating Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years after entry of this Order, Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following: (1) name, including aliases or fictitious name, or residence address; or (2) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Stipulating Defendant within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Alliance Document Preparation, LLC, *et al.,* X170054.

Permanent Injunction
as to Farzan Azinkhan                                    **13**                              Federal Trade Commission
                                                                                                           915 2nd Ave., Ste. 2896
                                                                                                           Seattle, Washington 98174
                                                                                                           (206) 220-6350

# X.  RECORDKEEPING

**IT IS FURTHER ORDERED** that, in connection with any business that is engaged in conduct affecting compliance with this Order, Stipulating Defendant must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically, Stipulating Defendant, for any business that he is a majority owner or controls directly or indirectly, and that is engaged in conduct related to the subject matter of this Order, must create and retain the following records: (a) accounting records showing the revenues from all goods or services sold; (b) personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination; (c) records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; (d) all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and (e) a copy of each unique advertisement or other marketing material.  *Provided* that, subsections (c) and (e) of this provision shall not apply to any business selling or offering to sell, buying or offering to buy, soliciting prospective sellers or purchasers of, soliciting or obtaining listings of, or negotiating the purchase, sale, or exchange of real property in a purchase money transaction.

# XI.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendant's compliance with this Order, including the financial representation upon which all or part of the monetary equitable relief was suspended and any failure to transfer any assets as required by this Order:

A.  Within fourteen (14) days of receipt of a written request from a representative of the Commission, Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under

penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with Stipulating Defendant. Stipulating Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Stipulating Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Stipulating Defendant or any individual or entity affiliated with Stipulating Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Farzan Azinkhan, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.  ENTRY OF FINAL ORDER

**IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this final order, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final order as to Stipulating Defendant.

## XIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this 7th day of August, 2018, at 11:00 a.m.

*S. James Otero*
_____
THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Permanent Injunction
as to Farzan Azinkhan

**16**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350