FILED
CLERK, U.S. DISTRICT COURT
October 25, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE DOCUMENT PREPARATION LLC, *et al.*,<br><br>Defendants, and<br><br>DIRECT CONSULTING GROUP, LLC; and CAPITAL DOC PREP, INC.,<br><br>Relief Defendants. | Civ. No. CV 17-7048 SJO (KSx)<br><br>**PERMANENT INJUNCTION AND FINAL ORDER AS TO DEFENDANTS BENJAMIN NADERI; ALLIANCE DOCUMENT PREPARATION, LLC; SBS CAPITAL GROUP, INC.; FIRST STUDENT AID, LLC; and RELIEF DEFENDANTS DIRECT CONSULTING GROUP, LLC; and CAPITAL DOC PREP, INC.** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C.

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*     **1**     Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

§ 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The Commission and Defendants Benjamin Naderi, Alliance Document Preparation, LLC, SBS Capital Group, Inc., and First Student Aid, LLC ("Stipulating Defendants"), and Relief Defendants Direct Consulting Group, LLC, and Capital Doc Prep, Inc. ("Relief Defendants"), stipulate to entry of the Permanent Injunction and Final Order ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Stipulating Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Telemarketing Sales Rule, 16 C.F.R. § 310, in connection with the advertising, marketing, promotion, offering for sale, or sale of debt relief services.

3. Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4. Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5. Stipulating Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

A. "**Assisting others**" includes: (1) performing customer service functions, including receiving or responding to consumer complaints; (2)
Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*                    **2**                    Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication; (3) formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services; (4) providing names of, or assisting in the generation of, potential customers; (5) performing marketing, billing, or payment services of any kind; or (6) acting or serving as an owner, officer, director, manager, or principal of any entity.

B. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;
2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;
3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or
4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

C. "**Secured or unsecured debt relief product or service**" means:

1. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*   3   Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

b. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

c. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

d. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al*.        **4**                    Federal Trade Commission
                                                                              915 2nd Ave., Ste. 2896
                                                                              Seattle, Washington 98174
                                                                              (206) 220-6350

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

    2. With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

      a. repay one or more unsecured loans, debts, or obligations; or

      b. combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

  D. "**Receivership Defendants**" means Alliance Document Preparation, LLC, SBS Capital Group, Inc., First Student Aid, LLC, Direct Consulting Group, LLC, and Capital Doc Prep, Inc.

  E. "**Relief Defendants**" means Direct Consulting Group, LLC, and Capital Doc Prep, Inc.

  F. "**Stipulating Defendants**" means Benjamin Naderi, and any other names by which he might be known, Alliance Document Preparation, LLC, SBS Capital Group, Inc., and First Student Aid, LLC, individually, collectively, or in any combination.

## I. BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES

**IT IS ORDERED** that Stipulating Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*   5   Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

## II. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, employees, and attorneys, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. The terms or rates that are available for any loan or other extension of credit, including:

1. closing costs or other fees;
2. the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;
3. the interest rate(s), annual percentage rate(s), or finance charge(s), or whether they are fixed or adjustable;
4. the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;
5. the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;
6. whether any specified minimum payment amount covers both interest and principal, or whether the credit has or can result in negative amortization;

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*     **6**     Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

7. that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees; or

B. The ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history.

C. That a consumer will receive legal representation.

D. Any other fact material to consumers concerning any financial product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*     7     Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

B. That any person is affiliated with, endorsed, approved by, accredited by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C. The nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

D. The cost or likelihood of qualifying for or receiving any product, service, plan, or program;

E. That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

F. That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement; or

G. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV. MONETARY EQUITABLE RELIEF AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of $10,200,000.00 is entered in favor of the Commission against Stipulating Defendants, jointly and severally, as equitable monetary relief.

B. Stipulating Defendants waive and release any rights and claims to the funds in the following accounts and within seven (7) days of entry of this Order:

1. Bank of America, N.A., shall transfer, in accordance with instructions provided by a representative of the Commission, all funds in account ending 0647 to the FTC.

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*       **8**                        Federal Trade Commission
                                                                                915 2nd Ave., Ste. 2896
                                                                                Seattle, Washington 98174
                                                                                (206) 220-6350

2. Wells Fargo, N.A., shall transfer, in accordance with instructions provided by a representative of the Commission, all funds in account ending 9943 to the FTC.

3. Merrill Lynch shall liquidate and transfer in accordance with instructions provided by a representative of the Commission, the balance of the funds remaining after liquidation in account 29X-59A21 to the FTC. All taxes, fees, and any commissions associated with or resulting from the sale of the stocks shall be paid from the proceeds of the sale.

C. Stipulating Defendants waive and release any rights and claims to funds of Alliance Document Preparation, LLC, and Relief Defendants waive and release any rights and claims to funds of Direct Consulting Group, LLC, and Capital Doc Prep, Inc., remaining after payment of the fees authorized by the Court to the court-appointed receiver, Tom McNamara. Payment of such funds to the FTC, if any, shall be made by the holder of the funds by electronic fund transfer in accordance with instructions provided to the holder of the funds by a representative of the Commission.

D. Upon payment of the amounts required by Sections IV.B through IV.C, above, the remainder of the judgment is suspended, subject to the Subsections below.

E. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' sworn financial statements dated October 15, 2017, and related documents (collectively, "financial representations") submitted to the Commission.

F. The suspension of the judgment will be lifted as to any Stipulating Defendant if, upon motion by the Commission, the Court finds that the Stipulating Defendant failed to disclose any material asset, materially misstated the value of

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*  **9**  Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

any asset, or made any other material misstatement or omission in the financial representations identified above.

G. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Stipulating Defendant in the amount specified in Subsection A. above (which the parties stipulate only for purposes of this Section) represents the consumer injury caused by Stipulating Defendants, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## V. OTHER MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or money judgment pursuant to this Order, such as a non-dischargeablity complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Stipulating Defendants acknowledges that the Social Security and Taxpayer Identification Numbers, which Stipulating Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*  **10**  Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Stipulating Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Stipulating Defendants have no right to challenge any actions the Commission or its representative may take pursuant to this Subsection.

F. Upon completion of the payments and other transfers identified in Section IV.B, above, the freeze on the personal assets of Benjamin Naderi is lifted. The freeze on the assets of the Receivership Defendants shall remain in effect until the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged. A financial institution shall be entitled to rely upon a letter from a representative of the Commission stating that the freeze on a Stipulating Defendant's assets has been lifted.

## VI. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, attorneys, and all other persons who are in active concert or participation with them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Stipulating Defendants represent that they have provided this redress information to the Commission. If a

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al*.    **11**    Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

representative of the Commission requests in writing information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days.

  B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, other identifying information, or any data that enables access to a customer's account, (including a credit card, bank account, or other financial account), that Stipulating Defendants obtained prior to entry of this Order in connection with the sale of debt relief; and

  C. Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.

 *Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII. COOPERATION WITH FTC

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendants must provide truthful and complete information, evidence, and testimony. Stipulating Defendants must appear and must cause officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may designate, without the service of a subpoena.

## VIII. COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants shall not interfere with the Receiver's performance of his duties and shall cooperate fully with the Receiver to complete his duties, including, but not limited to, cooperation as to the Receiver's pursuit of any claims against other persons or entities and the

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.* **12** Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

Receiver's pursuit of any funds or assets of a Receivership Defendant. Stipulating Defendants shall execute any documents requested by the Receiver necessary to transfer assets or ownership interests to the Receiver. If it becomes necessary to execute additional documents to transfer or liquidate assets of a Receivership Defendant or any other assets that are surrendered under this order or to wind up the Receivership Defendants, Defendants must execute all documents requested by the Receiver within five (5) days of receipt from the Receiver

## IX. RECEIVERSHIP WRAP UP AND TERMINATION

**IT IS FURTHER ORDERED** that the Receiver shall endeavor to complete all duties of the Receiver and file a Final Report and Final Fee Application within 180 days after entry of this Order, but any party or the Receiver may request an extension or shortening of the Receiver's term for good cause. Upon the ruling of the Court on all pending motions by the Receiver for the approval of fees and expenses of the Receiver and his professionals, the Receiver may withdraw all approved amounts for receivership expenses from the receivership account and transfer the balance to the account of the Commission.

## X. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A. Stipulating Defendants, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, Benjamin Naderi for any business that he is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives having managerial responsibilities for conduct related to the subject matter of the Order;

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al*.                13                Federal Trade Commission
                                                                             915 2nd Ave., Ste. 2896
                                                                             Seattle, Washington 98174
                                                                             (206) 220-6350

and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XI. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A. One year after entry of this Order, Stipulating Defendants must submit a compliance report, sworn under penalty of perjury.

    1. Each Stipulating Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Stipulating Defendant; (b) identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendant Benjamin Naderi must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Stipulating Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*      **14**      Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

2. Additionally, Stipulating Defendant Benjamin Naderi must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1. Each Stipulating Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Alliance Document Preparation, LLC, SBS Capital Group, Inc., and First Student Aid, LLC, and their successors and assigns, or any entity that Stipulating Defendant Benjamin Naderi has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Stipulating Defendant Benjamin Naderi must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*  **15**  Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

C. Stipulating Defendants must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Stipulating Defendants within fourteen (14) days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Alliance Document Preparation, LLC, et a*l.,* X170054.

## XII. RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years. Specifically, Stipulating Defendants Alliance Document Preparation, LLC, SBS Capital Group, Inc., First Student Aid, LLC, and their successors and assigns, and Stipulating Defendant Benjamin Naderi for any business that he is a majority owner or controls directly or indirectly, and that is engaged in conduct that affects compliance with this Order, must create and retain the following records: (a) accounting records showing the revenues from all goods or services sold; (b) personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*	16	Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

numbers; job title or position; dates of service; and (if applicable) the reason for termination; (c) records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; (d) all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and (e) a copy of each unique advertisement or other marketing material.

## XIII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial attestations upon which all or part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within fourteen (14) days of receipt of a written request from a representative of the Commission, Stipulating Defendants must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with Stipulating Defendants. Stipulating Defendants must permit representatives of the Commission to interview any employee or other person affiliated with Stipulating Defendants who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*     **17**

Federal Trade Commission
915 2nd Ave., Ste. 2896
Seattle, Washington 98174
(206) 220-6350

Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Benjamin Naderi, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XIV.  ENTRY OF FINAL ORDER

**IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this final order, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final order as to Stipulating Defendants.

## XV.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this _25TH__ day of ___October_____, 2018, at _3:00/p.m.

*S. James Otero*

_____
THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Permanent Injunction
as to Benjamin Naderi and
Alliance Document Preparation, LLC, *et al.*        **18**                    Federal Trade Commission
                                                                                            915 2nd Ave., Ste. 2896
                                                                                            Seattle, Washington 98174
                                                                                            (206) 220-6350