```
                                              FILED
                                    CLERK, U.S. DISTRICT COURT

                                         March 28, 2019

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY: ____VPC____ DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>         Plaintiff,<br><br>     v.<br><br>ALLIANCE DOCUMENT PREPARATION, LLC; et al.,<br><br>         Defendants, and<br><br>DIRECT CONSULTING SERVICE, LLC; and CAPITAL DOC PREP, INC.,<br><br>         Relief Defendants. | Case No. 2:17-cv-07048 SJO (KSx)<br><br>[PROPOSED] **ORDER FOR RECEIVER'S DISCHARGE AND APPROVAL OF FINAL FEE APPLICATION** |

Upon application of the Receiver and good cause appearing therefore, the Court hereby orders:

1. The Receiver's Final Report, dated January 25, 2019, is hereby accepted and approved.

2. The Receiver's Final Fee Application for the period April 1, 2018 through January 25, 2019 is hereby approved and the Receiver is authorized to make payments as follows: $4,103.50 fees to Thomas W. McNamara dba Regulatory Resolutions; and $9,395.00 fees and $68.61 expenses to the Receiver's counsel McNamara Smith LLP.

3. The Receiver is authorized to hold back a reserve of $5,000.00 to cover final administrative fees and costs of the Receiver, including the storage, management and destruction of Receivership Defendants' business records, and may expend those funds without further order of the Court and shall remit any unexpended funds to the FTC after 180 days.

4. Within five days of entry of this Order, the Receiver shall transfer all remaining funds, after deductions for the fees and expenses approved in Paragraph 2 and the reserve approved in Paragraph 3, in the amount of $855,721.35 to Plaintiff Federal Trade Commission.

5. The Receiver shall retain for 60 days from the date of this Order any business records, including electronic media and computer hard drives, of Receivership Defendants now in his possession and shall thereafter destroy those records.

6. The acts, transactions, and actions of Thomas W. McNamara as Receiver as disclosed in the pleadings filed with the Court in this matter are confirmed and approved as being in the best interests of the receivership estate.

7. Thomas W. McNamara is hereby discharged as Receiver.

8. Thomas W. McNamara is released and exonerated from all further duties, liabilities, and responsibilities as Receiver.  Mr. McNamara and the

professionals retained by him as Receiver shall have no personal liability of any nature for any act, omission, or matter pertaining to the receivership.

9. The Receiver's bond is exonerated.

10. The receivership is terminated.

**IT IS SO ORDERED.**

DATED this 28th day of March, 2019.

*S. James Otero*
_____
Hon. S. James Otero
United States District Judge